**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 99-8101

JAIME RUBIO,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 98-CR-148-05-B)

Submitted on the Briefs:

David D. Freudenthal, United States Attorney, David A. Kubichek, Assistant United States Attorney, Casper, Wyoming, for Plaintiff-Appellee.

Terry J. Harris, Terry J. Harris, P.C., Cheyenne, Wyoming, for Defendant-Appellant.

Before **BALDOCK**, **ANDERSON**, and **BRORBY**, Circuit Judges.[*]

**BALDOCK**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

I.

A grand jury indicted Defendant Jaime Rubio on several drug-related counts. Count 1 of the indictment charged Defendant with conspiracy to traffic in methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to a plea agreement in which he waived the right to appeal his sentence, Defendant pled guilty to Count 1. The plea agreement states in relevant part: "The Defendant agrees to waive his right to appeal the sentence he receives as a result of this Plea Agreement. However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(B), the Defendant is released from his waiver."

At sentencing, Defendant requested a downward adjustment pursuant to U.S.S.G. § 3B1.2 (1998) for a mitigating role in the conspiracy. The district court refused to grant a downward departure based on our decision in United States v. James, 157 F.3d 1218 (10th Cir. 2000) (holding that where defendant's base offense level was calculated using only the amount of drugs directly attributable to him, he was not entitled to a two-level downward adjustment as a minor participant under § 3B1.2). The court stated: "I think that reading James I must apply it, and under that doctrine, you have no hope of getting a minimal role."

The district court ultimately sentenced Defendant to fifty-seven months in prison, but encouraged Defendant to appeal due to "the harshness of the James doctrine." In an attempt to allow Defendant to appeal despite the waiver in the plea agreement, the

2

district court included in the judgment a statement "that the defendant's waiver of his right to appeal is hereby rescinded." Defendant now appeals the district court's refusal to grant a downward adjustment pursuant to U.S.S.G. § 3B1.2. Because we conclude the Defendant knowingly and voluntarily waived his right to appeal, the waiver effectively deprives us of jurisdiction. Accordingly, we dismiss the appeal.

## II.

The Government argues Defendant's waiver of the right to appeal contained in the plea agreement precludes this challenge.[1] If Defendant's waiver is effective, we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to appeal. See United States v. Vences, 169 F.3d 611, 613 (9th Cir. 1999). We do, however, have jurisdiction to determine our jurisdiction. See United States v. Garcia, 919 F.2d 1478, 1479 (10th Cir. 1990). To avoid dismissal of his appeal, Defendant must show why we should not enforce the waiver provision of the plea

---

[1] The Government initially raised this argument in a motion to dismiss pursuant to 10th Cir. R. 27.2(A)(1)(a). Defendant argues the motion is an improper collateral attack on the district court's judgment because the Government failed to appeal the judge's attempt to remove the waiver provision from the plea agreement. Although the motion was untimely, we cannot ignore the jurisdictional issue because we have an independent obligation to examine our subject matter jurisdiction. See Maier v. United States Envtl. Protection Agency, 114 F.3d 1032, 1036 (10th Cir. 1997). The Government may properly argue the waiver provision is a complete bar to Defendant's appeal, deprives us of jurisdiction, and requires dismissal. Cf. United States v. Black, 201 F.3d 1296 (10th Cir. 2000) (Government did not appeal the court's attempt to remove the waiver provision from the plea agreement, waiting instead until filing its response brief on the merits to raise the issue).

agreement.

Defendant contends the district court negated the waiver provision by rescinding it from the plea agreement at the sentencing hearing. Our recent decision in United States v. Black, 201 F.3d 1296 (10th Cir. 2000), controls this issue. In Black, the defendant entered into a plea agreement with the government containing a provision nearly identical to the one in this case, waiving his right to appeal. Prior to sentencing, the defendant filed a motion to withdraw his guilty plea. The district court denied defendant's motion, but at the conclusion of the sentencing hearing told the defendant it was striking the waiver provision from the plea agreement to allow an appeal. The defendant then attempted to appeal the denial of his motion to withdraw the guilty plea.

On appeal, we held the waiver of the right to appeal was enforceable and precluded the defendant's appeal concerning his motion to withdraw his guilty plea. Id. at 1303. Although we decided Black subsequent to the district court's action in this case, Black makes clear that absent exceptional circumstances, the district court lacks authority to modify a plea agreement at sentencing. Id. at 1302; see also United States v. Dean, 80 F.3d 1535, 1539 (11th Cir. 1996).

In Black, we determined the district court's actions at sentencing "could not have affected [Defendant's] prior decision to enter into a plea agreement and waive his right to appeal." Id. "A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." Id. at 1300 (quoting United States v.

4

Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1998)). In this case, the district court accepted the plea agreement at Defendant's change of plea hearing, therefore, as long as Defendant entered into the plea agreement knowingly and voluntarily, the provision waiving the right to appeal is enforceable.

We review the question of whether the plea was knowing and voluntary de novo. Id. Defendant argues his assent to the plea agreement cannot be deemed "knowing and voluntary" because the complex nature of the legal issues involved prevented his full understanding of the implications associated with the plea agreement. Specifically, Defendant argues he entered into the plea agreement without realizing the district court would deny his request for a § 3B1.2 downward adjustment based on our decision in United States v. James, 257 F.3d 1218 (10th Cir. 1998). This argument is not persuasive. James, decided in 1998, was existing law both when Defendant entered his guilty plea and when he was sentenced.

The record reveals the district court conducted a thorough inquiry at the change of plea hearing, during which Defendant stated he understood the nature of the rights he was waiving and the charges against him; was pleading guilty of his own free will; and the plea agreement contained all the terms of the agreement with the Government. Although the district court did not specifically discuss the waiver provision during the change of plea hearing, if "the record as a whole establishes that the defendant's waiver of appellate review was knowing and voluntary, there is no requirement that the district court itself

5

specifically address the waiver provision in a colloquy with the defendant." <u>Black</u>, 201 F.3d at 1301. Nothing in the record indicates Defendant's decision to enter into the plea agreement was other than knowing and voluntary. Therefore, a valid plea agreement exists and Defendant is bound by its terms.

### III.

Defendant also argues the lack of a definitive sentence or sentencing range in the plea agreement renders the agreement invalid. The plea agreement is unclear on its face whether the parties intended it to fall under Fed. R. Crim. P. Rule 11(e)(1)(B) or 11(e)(1)(C), and neither Defendant nor the Government addresses this particular point in their briefs. Rule 11(e)(1)(B) allows the government to "recommend, or agree not to oppose the defendant's request for a particular sentence or sentencing range, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor is or is not applicable to the case. Any such recommendation or request is not binding on the court." Rule 11(e)(1)(C), by contrast, is binding on the court once accepted and requires the government to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement or sentencing factor is or is not applicable to the case."

We construe this particular agreement as falling under Rule 11(e)(1)(B) because the plea agreement specifies "the judge is not a party to this Agreement and is free to

impose whatever sentence he determines to be justified . . . ." In addition, the Government merely agreed to recommend a reduction for acceptance of responsibility and a downward departure under the safety valve provisions of the Sentencing Guidelines. Rule 11(e)(1)(B) does not require a specific sentence or sentencing range be included as part of the plea agreement and, therefore, Defendant's argument fails.[2]

Under the terms of the written plea agreement, Defendant knowingly and voluntarily waived his right to pursue this appeal. Therefore, the appeal is DISMISSED.

---

[2] Even if we construed the plea agreement pursuant to Rule 11(e)(1)(C), the agreement stipulated the drug quantity upon which Defendant's sentence would be calculated (350 to 500 grams of methamphetamine). In addition, the plea agreement contemplates a three offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and a two offense level "safety valve" reduction under U.S.S.G. § 5C1.2. Defendant's ultimate sentence was consistent with this agreement. Therefore, the plea agreement did provide Defendant with an anticipated sentencing range and we would still hold Defendant to its terms.