**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Albert Joseph BRANGO, Jr., Defendant—Appellant.**

No. 01–10169.

D.C. No. CR–99–00357–RLH.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2002.*

Decided March 19, 2002.

Before CHOY, FERGUSON, and
BOOCHEVER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, Brango's motion for oral argument is denied.

MEMORANDUM**

Albert Joseph Brango, Jr., appeals the district court's judgment convicting him of one count of money laundering and aiding and abetting. Brango challenges only the requirement that he pay $686,400.00 in restitution. He argues that he did not waive the right to appeal the restitution order by pleading guilty and that the district court erred in ordering restitution where the government did not prove an ascertainable loss suffered by legally recognizable victims. Because this court lacks jurisdiction, we dismiss Brango's appeal.

Whether a defendant has waived his right to appeal by entering into a plea agreement is reviewed de novo. *United States v. Portillo–Cano,* 192 F.3d 1246, 1249 (9th Cir.1999). Whether a waiver in a plea agreement is valid is also reviewed de novo. *United States v. Ruiz,* 241 F.3d 1157, 1163 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 803, 151 L.Ed.2d 689 (2002). Fed.R.Crim.P. 11(c)(6) requires the district court to address the defendant in open court and inform him or her, or determine that he or she understands, the terms of any provision in the plea agreement waiving the right to appeal.

In the present case, the district court did not expressly ask Brango whether he waived the right to appeal. However, Brango: stated that he read and understood the plea agreement; agreed with the government's summary of the terms of the plea agreement, which included a summary of the appellate waiver; and answered affirmatively when the court asked if he understood that he could only appeal to the extent that he had not waived the right to do so. This is sufficient to indi-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cate "a knowing and voluntary waiver." *See United States v. Anglin,* 215 F.3d 1064, 1067 (9th Cir.2000) (citing *United States v. De la Fuente,* 8 F.3d 1333, 1338 & nn. 7–8 (9th Cir.1993) (noting that this court construes a plea agreement by what the defendant reasonably understood to be the plea agreement's terms when the defendant pleaded guilty)).

Brango also argues that, even if the waiver is valid, it does not prohibit him from appealing the restitution order. In his view, he is barred from appealing his conviction and sentence and the word "sentence" refers only to the term of imprisonment. However, even assuming, *arguendo,* that this is the case, the plea agreement expressly states that he "waives the right to appeal any other aspect of his conviction or sentence." An order of restitution, if it is not considered part of his sentence, is clearly within "any other aspect of his conviction."

Because Brango made a knowing and voluntary waiver of his right to appeal and the waiver prohibits him from appealing the restitution order, this court lacks jurisdiction over his appeal. *See United States v. Rubio,* 231 F.3d 709, 711 (10th Cir.2000) (citing *United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999)). Therefore, we do not reach Brango's remaining argument.

**APPEAL DISMISSED.**