**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**MAY 29 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOE THOMAS,

    Defendant - Appellant.

No. 02-8000
(D.C. No. 01-CR-043-1B)
(District of Wyoming)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We, therefore, honor the parties' requests and order the case submitted without oral argument.

Defendant-Appellant Joe Thomas pleaded guilty to a single count of conspiracy to traffic in methamphetamine in violation of 21 U.S.C. §§ 846,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

841(a)(1), and 841(b)(1)(A). In calculating Thomas' sentence, the district court applied the cross-reference contained in United States Sentencing Guideline § 2D1.1(d)(1)[1] and sentenced Thomas to a term of imprisonment of 360 months. Thomas appeals, claiming that the district court committed clear error in applying the cross-reference in § 2D1.1(d)(1). Because Thomas waived his right to appeal the sentence he received as a result of the plea agreement, this court **dismisses** his appeal for lack of jurisdiction. *See United States v. Rubio*, 231 F.3d 709, 711 (10th Cir. 2000) ("If Defendant's waiver [of appeal rights] is effective, we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to appeal.").

In his opening brief, Thomas does not acknowledge the waiver-of-appeal provision in the plea agreement and, instead, simply addresses the merits of the propriety of the district court's use of the cross-reference in § 2D1.1(d)(1). In its response brief, the United States notes that the plea agreement contains the following waiver-of-appeal provision:

> The Defendant agrees to waive his right to appeal the sentence he receives as a result of this Plea Agreement. However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b), the Defendant is released from this waiver.

---

[1]Section 2D1.1(d)(1) provides as follows: "If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder)."

The United States further notes that this court honors such waivers, as long as the plea was knowing and voluntary. *See Rubio*, 231 F.3d at 712. The United States then undertakes a thorough exposition of the plea proceedings, demonstrating that Thomas entered the plea agreement knowingly and voluntarily. Thomas did not file a reply brief and, hence, does not contest the United States' assertion that he knowingly and voluntarily entered into the plea agreement and that the agreement waives his right to bring the present appeal. Nevertheless, in an abundance of caution, this court has undertaken a detailed review of the entire record in this case to verify that Thomas' plea was knowing and voluntary. *See id.* ("We review the question of whether the plea was knowing and voluntary de novo.").

Pursuant to the plea agreement, Thomas appeared in court on September 26, 2001, to formally enter his plea. As the hearing commenced, Thomas' counsel began by noting for the record that he was going to have Thomas review the plea agreement to make sure that it was the same document that he had signed previously. After that process was complete, the court called the case and the government's attorney orally described the salient provisions of the agreement, including in particular the fact that it required Thomas to waive the right to appeal his sentence. At that same time, the government's attorney highlighted that the principal sentencing issue would likely be the applicability of § 2D1.1(d)(1). The district court then generally discussed the terms of the plea

agreement and the nature of the charge set out in the indictment.  At that point,

the district court placed Thomas under oath and engaged in the following

colloquy:

> THE COURT: Mr. Thomas, is your plea of guilty a voluntary plea?
> THE DEFENDANT: Yes, Your Honor, it is.
> THE COURT: Is anybody forcing you to plead guilty?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Has your attorney made you plead guilty?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Is it your own idea?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And why are you pleading guilty?
> THE DEFENDANT: Because, Your Honor, in fact, I am guilty of the charge.

Following this colloquy, Thomas established a more specific factual basis for the

charge to which he was pleading guilty.  Then, based on the foregoing, the district

court concluded that Thomas' plea was knowing and voluntary and that there

existed a sufficient factual basis to support it.  The district court, therefore,

accepted the guilty plea and directed that sentencing proceedings commence.

The record, as set out above, makes clear that Thomas knowingly and

voluntarily entered into the plea agreement, which contains a valid waiver-of-

appeal provision. Therefore, a valid plea agreement exists and Thomas is bound by its terms. Accordingly, this appeal is **DISMISSED** for lack of jurisdiction.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge