**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 16 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTIN LUNA-MARTINEZ,

Defendant - Appellant.

No. 01-6264
(D.C. No. 01-CR-25-C)
(W.D. Oklahoma)

---

ORDER AND JUDGMENT  *

---

Before **ANDERSON**  and **BALDOCK** , Circuit Judges, and   **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Martin Luna-Martinez pleaded guilty to one count of possession with intent to distribute cocaine powder in violation of 21 U.S.C. § 841(a)(1). The plea agreement states, in pertinent part:

> . . . defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to appeal or collaterally challenge:
>
> a. Defendant's guilty plea and any other aspect of his conviction . . . .
>
> b. Defendant's sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case, even if the Court rejects one or more of the positions of the United States or the defendant set forth in paragraph 7 concerning the application of the U.S. Sentencing Guidelines . . . .

Record, Vol. I, Plea Agreement, at 4-5.

The plea agreement further provides a maximum imprisonment term under the plea of not less than five years and not more than forty years. *See id.* at 2. The district court determined defendant's total offense level to be twenty-seven with a criminal history category of one for a guideline range of seventy to eighty-seven months of imprisonment. After review of the presentence report and defendant's objections to the report, the court sentenced defendant to seventy months of imprisonment, four years of supervised release, and a special assessment of $100.00.

On appeal, defendant argues he must be resentenced because: (1) the district court's finding that there was sufficient evidence to support an enhancement for possession of a firearm under United States Sentencing Guidelines § 2D1.1(b)(1) was clearly erroneous; and (2) the district court's finding that defendant did not meet the criteria of 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(1) was clearly erroneous. Defendant does not address the waiver-of-appeal provision contained in the plea agreement in his opening brief, and he did not file a reply brief.

In its response brief, the United States correctly argues that defendant knowingly and voluntarily waived his right to appeal by entering into the plea agreement. Subject to certain limited exceptions, a defendant's knowing and voluntary waiver of the right to appeal is enforceable. *See United States v. Rubio*, 231 F.3d 709, 712 (10th Cir. 2000). Whether a defendant's waiver was knowing and voluntary is reviewed de novo. *See id*. In the instant case, nothing in the record suggests defendant's decision to enter into the plea agreement was unknowing or involuntary. In addition, defendant does not argue or even suggest he unknowingly or involuntarily entered into the plea agreement.

The plea agreement provides two exceptions to the waiver-of-appeal provision. First, the agreement provides that defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range

determined by the court.  In the instant case, defendant's sentence of seventy months of imprisonment was well within the applicable guideline range of seventy to eighty-seven months of imprisonment as determined by the court.  Second, the agreement provides that defendant's waiver of his right to appeal shall not apply to appeals based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of the agreement which are held by the Tenth Circuit or Supreme Court to have retroactive effect.  This exception is inapplicable to the instant appeal.

Because defendant waived his right to appeal the sentence he received as a result of his plea agreement, this appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge