**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**OCT 18 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TOBY BOOK,

    Defendant - Appellant.

No. 02-1000
D.C. No. 01-CR-52-N
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

Defendant Toby Book was indicted for three drug- and firearm-related offenses. (ROA I at 10, 24.) After firing two court-appointed attorneys, Book chose to represent himself. (ROA VI at 19.) When the district court ruled against him on his motion to suppress key evidence, Book changed his mind about representing himself and asked the court to appoint a new attorney for him.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(ROA X at 109-12.)  The court refused to grant his request for another attorney and told Book he could choose between the two attorneys he had previously fired. (Id. at 115-18.)  Book declined both attorneys and shortly decided to plead guilty to two counts of the indictment and waive his right to appeal any aspect of his case except his motion to suppress.  (Id. at 118; ROA I at 87.)  Book was sentenced to 84 months in prison and now appeals.  (ROA XIII at 14, 107.)  He argues that the court deprived him of his Sixth Amendment rights to counsel and self-representation.  (Aplt. Br. at 1-2.)  We exercise jurisdiction under 28 U.S.C. § 1291, find that Book's waiver of his right to counsel was valid, hold him to the terms of his plea agreement and DISMISS his appeal for lack of jurisdiction.

**BACKGROUND**

In January of 2001, police officers in North Denver arrested Book in a parking lot, where he was sitting in his car packaging drugs that he was planning to sell.  (ROA V at 4, 34-38.)  When the police searched his car, they found 83 grams of methamphetamine and a sawed-off shotgun.  (ROA I at 1; ROA IX at 69-70.)  In February, Book was indicted on three counts: possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); possession of a firearm during and in relation to a drug offense, in violation of 18 U.S.C. § 924(c)(1)(B); and being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ROA I at 10. 24.) Assistant Federal Public Defender Warren R. Williamson was appointed in January to represent Book but withdrew in March at Book's prompting, stating that Book no longer trusted him, a sentiment that Book confirmed. (ROA I at 18; ROA II.) The district court then appointed attorney Stephen M. Wheeler to represent Book. (ROA I at 19.) Wheeler moved to suppress the evidence found in Book's car. (ROA I at 25.) At the beginning of the July 16 hearing on the motion, Book asked the court to dismiss Wheeler and appoint new counsel because of Wheeler's unwillingness to pursue a "chain of custody" argument that Wheeler felt was not worth pursuing. (ROA VI at 3-9.)

After inquiring into Book's dissatisfaction with Wheeler, the court denied Book's request, finding "no basis" for his ineffectiveness claim. (Id. at 12.) The court told Book that he could either retain Wheeler or proceed pro se. (Id. at 9-10.) After explaining to Book the charges against him and the risks involved with representing himself, the court permitted Book to proceed pro se and asked Wheeler to stay on as standby counsel for the duration of the suppression hearing. (Id. at 12-20.) In August, however, both Wheeler and Book moved that Wheeler be removed as standby counsel due to irreconcilable differences between them. (ROA I at 70, 71.) The court granted the motions. (ROA VIII at 3.)

On September 5, the court denied Book's motion to suppress. (ROA X at 103.) Book then asked the court to give him a new attorney. (Id. at 109.) The court offered to reappoint Wheeler, but Book declined, explaining that he and Wheeler differed on what strategy should be used in his case. (Id. at 109-14.)

After telling Book to choose between proceeding pro se or accepting Wheeler and that it believed Book's request for new counsel was simply a delaying tactic, the court said that it would also be willing to reappoint Williamson, Book's first attorney in the case.[1] (Id. at 115, 117.) Book refused

---

[1]The court's exchange with Book included the following:

THE COURT: Do you want me to reappoint Mr. Williamson, your first attorney?

THE DEFENDANT: I don't even know if Mr. Williamson would be willing to do this either.

THE COURT: Why should anybody else be willing? You fired two attorneys, you want a third one. *** I'll broaden the choice: you can have Mr. Williamson or Mr. Wheeler.

THE DEFENDANT: Neither one of those attorneys would be of any use to me.
***

THE COURT: *** Now, what do you want me to do, represent yourself or have Mr. Wheeler or Mr. Williamson? Your choice as to–

THE DEFENDANT: Wouldn't be fair for me to take either one of those attorneys.

(continued...)

- 4 -

that offer as well.  (Id. at 117-19.)  Two weeks later, he pled guilty to two of the three counts in the indictment (possession with intent to distribute and felon in possession of a firearm) and waived his right to appeal any issue except his suppression motion.  (ROA I at 87; ROA XI.)  In December, Book–now represented by Williamson, his first attorney–was sentenced to 84 months in prison and four years of supervised release.  (ROA XII at 2-3; ROA I at 105.)  Judgment was entered in February; this appeal followed.  (ROA I at 113, 107.)

## DISCUSSION

Standard of review

We review de novo both a defendant's waiver of his right to counsel and whether a defendant's plea was knowing and voluntary.  United States v. Hughes, 191 F.3d 1317, 1323 (10th Cir. 2000); United States v. Rubio, 231 F.3d 709, 712 (10th Cir. 2000).

---

[1](...continued)
THE COURT: Why?

THE DEFENDANT: Both of those attorneys have been dismissed from my case.  It wouldn't be fair to have them represent me again.  I can't represent myself.

THE COURT: Then you're representing yourself.  You let the marshal know if you change your mind. ***

(Id. at 117-19.)

- 5 -

<u>Introduction</u>

If enforceable, Book's plea agreement–which waived his right to appeal any issue but his motion to suppress–robs us of subject matter jurisdiction over his case, and we must dismiss his appeal. "We do, however, have jurisdiction to determine our jurisdiction." <u>Rubio</u>, 231 F.3d at 711. First, we must determine whether the defendant's waiver of counsel was voluntary, knowing and intelligent. <u>See</u> <u>Faretta v. California</u>, 422 U.S. 806, 835 (1975). Second, we must ask whether the defendant entered into the plea agreement knowingly and voluntarily. <u>Rubio</u>, 231 F.3d at 712.

<u>Book's waiver of his right to counsel</u>

Here, we inquire into Book's two waivers of counsel: one, his initial waiver during his July 16 suppression hearing, when he fired Wheeler and the court refused to appoint new counsel; and two, his September request for new counsel after he lost his suppression motion.

For a defendant's waiver of counsel to be voluntary, "the trial court must inquire into the reasons for the defendant's dissatisfaction with his counsel to ensure that the defendant is not exercising a choice between incompetent or unprepared counsel and appearing pro se." <u>Braun v. Ward</u>, 190 F.3d 1181, 1185-86 (10th Cir. 1999) (quoting <u>United States v. Silkwood</u>, 893 F.2d 245, 248 (10th

Cir. 1989) (internal quotation marks omitted)). In July, Book was given a choice between proceeding pro se and accepting a competent attorney; that he chose the former because Wheeler refused to pursue a "chain of custody" argument does not make his choice involuntary in the constitutional sense.[2] In September, he was given a choice between proceeding pro se and accepting one of two competent attorneys, and he again refused that offer. When the court twice asked Book whether he would accept Williamson or Wheeler, Book responded, "Neither one of those attorneys would be of any use to me," and "Both of those attorneys have been dismissed from my case. It wouldn't be fair to have them represent me again." (ROA X at 118.) Those statements fail to suggest the existence of an irreconcilable conflict that would warrant the appointment of yet another attorney. We find that his waiver of counsel was voluntary.

---

[2]After Book explained his "chain of custody" argument and his desire to fire Wheeler for not pursuing it, the court told Book that it found "nothing in your presentation to suggest that Mr. Wheeler has been incompetent.... Your other complaints seem to me to be irrational." (ROA VI at 10, 11.) We agree with the district court. Absent an abuse of discretion, "deficiencies in the chain of custody go to the weight of the evidence and not its admissibility," United States v. Gay, 774 F.2d 368, 374 (10th Cir. 1985), the proper time for Book–or Wheeler–to have raised this claim was at trial, not during the motion to suppress. The district court properly recognized this. (ROA VIII at 10-12.) Book was not entitled to fire Wheeler and receive new counsel merely because he disagreed with Wheeler's strategic approach to the case. See United States v. Padilla, 819 F.2d 952, 956 (10th Cir. 1987).

In determining whether a defendant's waiver of his right to counsel was knowing and intelligent, "[t]he record should establish the defendant had a sense of the magnitude of the undertaking and the inherent hazards of self-representation at the time of his decision to proceed pro se." United States v. Taylor, 113 F.3d 1136, 1141 (10th Cir. 1997). As noted above, the district court engaged in lengthy colloquy with Book before allowing him to proceed pro se in July. Given the extent of that colloquy and the court's finding that Book was asking for a third attorney simply to delay the proceedings, Book's argument that his hand was being forced is not credible. We reach the same conclusion with respect to his waiver at the September hearing. We find that his waiver of counsel in both July and September was knowingly and voluntarily made.

Book's waiver of his right to appeal

"This court will hold a defendant to the terms of a lawful plea agreement." United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1998). In his Opening Brief, Book alleges only that he did not voluntarily waive his right to counsel; not until his Reply Brief does he attack his plea agreement. "Issues not raised in the opening brief are deemed abandoned or waived." Coleman v. B-G Maintenance Mgmt., 108 F.3d 1199, 1205 (10th Cir. 1997). Because we have determined that Book validly waived his right to counsel, we will hold him to the

- 8 -

terms of his lawful plea agreement.  That agreement waived Book's right to appeal any issue except his motion to suppress.  We therefore DISMISS his appeal for lack of jurisdiction.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge