**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARMANDO PADILLA,

    Defendant - Appellant.

No. 02-5081
D.C. No. 99-CR-66-C
(N.D. Oklahoma)

---

ORDER AND JUDGMENT    *

---

Before **PORFILIO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

Appellant Armando Padilla pled guilty to one count of distribution of an unspecified amount of methamphetamine. Based on its findings regarding the quantity of drugs involved, the district court sentenced Mr. Padilla to over twenty-four years' imprisonment, in excess of the statutory maximum. Mr.

---

\*    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Padilla appealed his initial sentence to this court. Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), we reversed and remanded for re-sentencing.

At re-sentencing, it was determined that the sentencing guidelines range was 292-365 months, and the statutory maximum sentence was 240 months. Since there were no grounds for a downward departure, the district court's only option was to sentence Mr. Padilla to 240 months' imprisonment. Mr. Padilla had previously waived his right to appeal his sentence unless it exceeded the statutory maximum. Nonetheless, Mr. Padilla proceeded to file a *pro se* notice of appeal. Pursuant to 10th Cir. R. 46.3, the counsel representing Mr. Padilla at re-sentencing were required to continue their representation on appeal. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and have moved for leave to withdraw. Mr. Padilla did not file a response to the *Anders* brief and the government did not file a reply brief.

In their *Anders* brief counsel raised the issue of whether Mr. Padilla's trial attorney was ineffective in failing to advise him of the effects of relevant conduct when pleading to a lesser amount of drugs. By allowing Mr. Padilla to testify without advising him regarding relevant conduct, trial counsel allegedly caused an increase in his offense level, and accordingly, his guideline range. Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

Appellate counsel concedes this point.  Counsel also notes that, in his plea agreement, Mr. Padilla waived all appellate rights, except his right to appeal if the sentence exceeded the statutory maximum.

To avoid dismissal of his appeal, Mr. Padilla must show why we should not enforce the waiver provision of the plea agreement.  *United States v. Rubio*, 231 F.3d 709, 711 (10th Cir. 2000).  Whether a defendant's waiver was knowing and voluntary is reviewed de novo.  *Id.* at 712.  Mr. Padilla has offered no argument as to the validity of the waiver, and nothing in the record suggests that Mr. Padilla's decision to consent to the waiver was unknowing or involuntary.  "If the waiver is effective, we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to appeal."  *Id.*  at 711.

Accordingly, we DISMISS this appeal and GRANT counsels' motions to withdraw.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-3-