ORDER AND JUDGMENT*
MURPHY, Circuit Judge.
After examining the briefs and appellate record, this panel has determined unanimously to grant the parties’ request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
Donald L. Jackson appeals from a judgment and sentence entered upon his guilty plea to one count of possession of a firearm by a prohibited person. 18 U.S.C. § 922(g)(1). In exchange for his guilty plea, charges of unlawful possession of cocaine and unlawful possession of marijuana against Mr. Jackson were dismissed. He received a sentence of incarceration for forty-two months. On appeal, he contends that the district court erred in applying an enhancement for felony possession of cocaine in connection with the offense. See USSG § 2K2.1(b)(5).
Mr. Jackson signed a plea agreement in connection with his guilty plea. Paragraph three of this plea agreement reads as follows:
The defendant agrees, in consideration of [a recommendation by the government for a reduction for acceptance of responsibility and dismissal of the two drug possession charges], that he is aware that Title 28, United States Code, Section 2255 affords a defendant the ability to challenge his conviction. Acknowledging all this, the defendant knowingly waives his right to file an appeal and/or to challenge his plea, sentence or the manner in which the sentence was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255, in exchange for the concessions made by the United States in this plea agreement.
R. Vol. I, Doc. 33 at 2 (emphasis added).
The government has not raised this waiver as a bar to our consideration of Mr. Jackson’s appeal. Nevertheless, if the waiver is effective, “we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to appeal.” United States v. Rubio, 231 F.3d 709, 711 (10th Cir.2000). Moreover, “[w]e cannot ignore the jurisdictional issue because we have an independent obligation to examine our subject matter jurisdiction.” Id. at 711 n. 1.
We previously issued an order to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Mr. Jackson responded as follows: (1) the government waived its right to enforce the waiver provision; (2) this court should not raise the waiver sua sponte; (3) this court is not a party to the plea agreement and has no independent authority to enforce it; (4) dismissal of the appeal for lack of jurisdiction after appointment of counsel wastes judicial resources; (5) appointed counsel was barred by ethical obligations from raising the waiver; and (6) the government obtained the waiver by deception. In view of the jurisdictional nature of the waiver of right to appeal, the first five arguments clearly lack merit. *271 We will consider only the last argument: whether the waiver should not be enforced because it was obtained by deception.
A defendant’s knowing and voluntary waiver of his right to appeal is enforceable. United States v. Black, 201 F.3d 1296, 1300 (10th Cir.2000). Mr. Jackson contends that his waiver was not knowing and voluntary because the government failed to inform him of its intention to seek a § 2K2.1(b)(5) enhancement at sentencing. He does not advance facts sufficient to show that the government actively misled him; only that he “reasonably assumed” that the dismissed drug offenses would not be used to enhance his sentence. Nor does he challenge the statement in his plea agreement that “the United States has made no promises or representations to this defendant or his attorney regarding what sentence might be imposed or which sentencing guideline level will be appropriate.” R. Vol. I, Doc. 33 at 2.
Mr. Jackson also fails to allege any public policy grounds for voiding his waiver of right to appeal. See, e.g., Black, 201 F.3d at 1301. Although he complains that he was deceived into entering his plea, he does not seek to withdraw his plea on this basis; instead, he asks us to discard the waiver provision and, without disturbing the other benefits of the plea accruing to him, to reach issues otherwise barred on appeal.
Mr. Jackson’s arguments are insufficient to show that the plea, including the appellate waiver, was not knowing and voluntarily entered. See United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir.2001) (stating “knowing and voluntary” standard). This appeal is therefore DISMISSED for lack of subject matter jurisdiction.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.