**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

BILLY MINH LE,

     Defendant - Appellant.

No. 02-6137
(D.C. No. CR-01-138-C)
(W.D. Okla.)

**ORDER**[*]

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

Defendant Billy Minh Le pled guilty to conspiracy to distribute a list 1 precursor chemical, pseudoephedrine, which can be used to manufacture methamphetamine. (Aplt. App. at 24, 48.) As part of his plea agreement, Defendant waived his right to appeal or to collaterally attack his "guilty plea and

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues." (Plea Agreement at 8.) He also waived the right to appeal his sentence and the manner in which it was determined, provided that it fell within or below the applicable Sentencing Guideline range. (Id. at 8-9.) On November 20, 2001, before accepting his guilty plea, the district court engaged in an extensive Rule 11 colloquy with Defendant to ensure that his plea was knowing and voluntary. (Change-of-Plea Tr. at 4–18.) Satisfied that it was, the court found Defendant guilty as charged and set a date for sentencing. (Id. at 18.)

On April 9, 2002, Defendant filed a motion to withdraw his guilty plea. (Aplt. App. at 21.) In an Order filed April 16, the court denied his motion. (Id. at 47.) Defendant was sentenced to 168 months in prison, the low end of the applicable Guideline range, as well as three years of supervised release. (Aplt. App. at 49-50.) He now appeals the denial of his motion to withdraw his plea and argues that he did not enter it knowingly and voluntarily. (Aplt. Br. at 1.)

"A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001) (internal quotation marks and citation omitted). "If Defendant's waiver is effective, we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to

appeal. We do, however, have jurisdiction to determine our jurisdiction." United States v. Rubio, 231 F.3d 709, 712 (10th Cir. 2000) (citations omitted).

Having reviewed the transcript of the district court's thorough Rule 11 colloquy with Defendant, we are left with no doubt that Defendant entered his guilty plea knowingly and voluntarily. We will hold Defendant to the terms of his plea agreement, which waived his right to appeal or collaterally attack his plea, conviction or sentence. Accordingly, we DISMISS Defendant's appeal for lack of jurisdiction.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge