**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KATHRYN JEANELLE HELTZEL,

    Defendant-Appellant.

No. 02-5203
(N.D. Okla.)
(D. Ct. No. 98-CR-111-C)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On January 28, 2002, Kathryn Heltzel pled guilty to Possession With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (1998).

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

She was sentenced, *inter alia*, to 180 months imprisonment. She appeals her guilty plea, claiming it was infirm because she was not correctly informed of the possible term of imprisonment she faced.[1] The Government confesses error. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Violation of 21 U.S.C. § 841(a)(1) is punishable, *inter alia*, by imprisonment "which may not be less than 10 years or more than life." 21 U.S.C. § 841(b)(1)(A)(viii). The indictment charging Heltzel with this offense did not recite the range of possible punishment. In her Petition to Enter Plea of Guilty, which she signed the same day she entered her plea, Heltzel acknowledged: "I have been informed and understand a plea of guilty may subject me to a minimum sentence of prison and/or fine." (R. Vol. I, Doc. 54 at 3.) She also indicated: "My attorney has informed me the plea of GUILTY could subject me to a maximum punishment, which, as provided by law is no less than ten (10) years' imprisonment . . . ." (*Id.*) Also, in the Petition, her attorney certified: "I have advised the defendant as to any minimum sentence required by law, and I have advised the defendant as to the maximum sentence possible under the applicable

[1]Although Heltzel, in a plea agreement, waived her right to appeal, she argues the entry of her plea was not knowing, voluntary and intelligent in the first instance. We thus do not reach the question of whether to enforce the plea waiver and it presents no bar to review of the plea. *See United States v. Rubio,* 231 F.3d 709, 712 (10th Cir. 2000) (if entry into a plea agreement is knowing and voluntary, reviewing court will enforce waiver of appellate rights included in plea agreement).

statute(s)." (*Id.* at 7.) Heltzel added, "I further offer my plea of GUILTY with full understanding of all matters set forth . . . in the certificate of my attorney which is attached to this petition." (*Id.* at 4.) The Plea Agreement Heltzel signed on the same day provided: "The defendant acknowledges that the minimum and maximum statutory sentences for Count One . . . [are] not less than ten years and/or a fine of not more than $4,000,000." (R. Vol. I, Plea Agreement, Doc. 53 at 10.)

At the change of plea proceeding, in delivering the advisements required by Fed. R. Crim. P. 11(c)(1),[2] the district court erroneously advised Heltzel, "the maximum period of imprisonment the Court could impose under the statute would be a period of imprisonment not exceeding ten years . . . ." (R. Vol III at 5.) This recital went without objection. After she entered her plea, and the court accepted it, Heltzel did not thereafter file a motion to withdraw her plea. The Presentence Investigation Report (PSR), prepared in April 2002, accurately stated that the punishment for the offense included imprisonment for not less than ten years or more than life. It set a guideline range for the offense at 168 to 210 months. Heltzel interposed no objection to the PSR after it was issued. Nor, at sentencing on November 14, 2002, did she object to the term of imprisonment imposed by the district court as somehow outside of or beyond her understanding of the maximum

---

[2] Now found at Fed. R. Crim. P. 11(b)(1)(H) and (I).

term that could be imposed by law.

"Whether a district court has complied with Rule 11 in accepting a defendant's plea and, accordingly, whether the defendant's plea was knowing, intelligent, and voluntary, is a question of law we review de novo." *United States v. Gigot,* 147 F.3d 1193, 1197 (10th Cir. 1998) (quotation marks and citation omitted).  We review a Rule 11 omission, where, as here, there has been no objection in the trial court, for plain error under Fed. R. Crim P. 52(b).  *United States v. Vonn,* 535 U.S. 55, 59 (2002); *United States v. Edgar,* 348 F.3d 867, 871 (10th Cir. 2003).  In order to be plain, the alleged error must be actual, it must be obvious, and it must affect substantial rights.  *Edgar,* 348 F.3d at 871  If these three prerequisites are met, the reviewing court may find plain error where the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (quotation marks and citation omitted).  We apply the plain error rule "less rigidly" when the alleged error is of constitutional dimension.  *United States v. Jefferson,* 925 F.2d 1242, 1254 (10th Cir. 1991).  Finally, in evaluating whether error affects substantial rights, we may consult the entire record; we are not restricted to the plea colloquy.  *Vonn,* 535 U.S. at 59.  With these principles in mind, we turn to the merits of Heltzel's claim, and do so notwithstanding the Government's confession of error.  *Young v. United States,* 315 U.S. 257, 258-59 (1942) ("[O]ur judicial obligations compel us to examine

independently . . . errors confessed."); *United States v. Hurlich,* 293 F.3d 1223, 1227 (10th Cir. 2002) ("A party's concession . . . cannot compel us to reverse a district court's decision.").

Heltzel correctly points out the district court failed to comply with Rule 11's requirement that it "must inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty, including imprisonment . . . and . . . any mandatory minimum penalty . . . ." Fed. R. Crim. P. 11(b)(1)(H), (I). The court advised only of the maximum possible penalty and, by erroneously stating it to be a term of imprisonment of ten years, conveyed false and misleading information. Thus, the error is actual. Furthermore, it is obvious. The Rule's language permits of no discretion. However, when we examine whether the error affects Heltzel's substantial rights, we find it does not. Rule 11 error is prejudicial, and therefore affects substantial rights, where the Appellant can demonstrate she would not have pled guilty if the district court had complied with the rule. *Edgar,* 348 F.3d at 872. We are convinced by the record as a whole, *Vonn,* 535 U.S. at 59, that Heltzel would have pled guilty to the charge even if the district court judge had correctly recited the penalty range as required by Rule 11.

The record clearly shows Heltzel was accurately, if inartfully, advised of the penalties associated with the offense in her Petition to Enter Plea of Guilty

and her Plea Agreement. She acknowledges as much on appeal. (Appellant's Br. at 10) In spite of this, she did not object when the court failed to inform her of the mandatory minimum and misstated the maximum possible penalty at the change of plea proceeding. "[T]he value of finality requires defense counsel to be on his toes, not just the judge, and the defendant who just sits there when a mistake can be fixed cannot just sit there when he speaks up later on." *Vonn*, 535 U.S. at 73. "Both the attorneys and the court have a duty to apprise the defendant of the consequences of the plea and ensure that it is voluntary." *United States v. Williams*, 919 F.2d 1451, 1456 (10th Cir. 1990), *cert. denied*, 499 U.S. 968 (1991). Tellingly, in the more than eleven months that transpired between her guilty plea and sentencing, Heltzel did not move to withdraw her plea on account of the alleged error.[3] Finally, she did not object, either prior to or at sentencing, to the PSR issued more than six months before sentencing, which accurately stated the penalties associated with her crime. These accumulated circumstances do not describe a defendant who would not have pled guilty had she been properly advised by the court of the penalties associated with her charge. Because the error Heltzel identifies did not affect her substantial rights, it is not plain.

---

[3] "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d).

Accordingly, we **AFFIRM** the judgment of the district court.


**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge
