

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2006

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Brown" (2006). *2006 Decisions.* Paper 254.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/254

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3472
_____

UNITED STATES OF AMERICA

v.

JASON BROWN,
a/k/a Jayson T. Browns,
a/k/a Jay Brown,
a/k/a James Brown,
a/k/a Jason Browne,

Jason Brown,
Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 04-cr-00505)
District Judge: Honorable Gene E.K. Pratter
Submitted Under Third Circuit LAR 34.1(a)
September 26, 2006

Before: RENDELL, CHAGARES and ROTH, Circuit Judges.
_____

(Filed: November 1, 2006)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Pursuant to a plea agreement, appellant Jason Brown pleaded guilty to seven counts of bank fraud, in violation of 18 U.S.C. § 1344; thirty-nine counts of false use of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B); and one count of identity theft, in violation of 18 U.S.C. §§ 1028(a)(3), (b)(2)(B), (c)(3)(A). The District Court sentenced him to 90 months in federal prison, and this appeal followed. Brown argues that the District Court erred in its calculation of the offense level under the advisory Sentencing Guidelines and, in the alternative, he claims that the court's upward variance[1] was unreasonable. Since we write only for the parties, we do not state the facts separately. We will dismiss Brown's appeal insofar as it challenges the District Court's calculation of his offense level, and we will affirm the District Court's decision to impose an upward variance.

I.

Brown claims that the District Court improperly calculated the loss amount under U.S.S.G. § 2B1.1. As the Government points out, though, Brown's plea agreement contains an express waiver of his right to appeal the District Court's sentence. The agreement provides only three limited exceptions. First, "if the government appeals from the sentence, then the defendant may file a direct appeal. . . ." Second, the defendant

---

[1]This Court describes "post-[United States v. Booker, 543 U.S. 220 (2005),] discretionary sentences not based on a specific Guidelines departure provision as 'variances.'" United States v. Vampire Nation, 451 F.3d 189, 195 n.2 (3d Cir. 2006).

2

"may file a direct appeal. . . claim[ing] that [his] sentence exceeds the statutory maximum." And third, he "may file a direct appeal. . . claim[ing] that. . . the sentencing judge unreasonably departed upward from the otherwise applicable sentencing guideline range." Relying on this waiver, the Government asks us not to reach the merits of Brown's loss-calculation argument.

We review *de novo* the validity of a waiver-of-appeals provision in a plea agreement. See United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001). If the defendant agreed to the waiver knowingly and voluntarily, we will enforce it unless a miscarriage of justice would result. See United States v. Lockett, 406 F.3d 207, 213 (3d Cir. 2005). The waiver provision is subject to a rule of strict construction, but where it applies the defendant has the burden of "'show[ing] why we should not enforce'" it. Khattak, 273 F.3d at 562-63 (quoting United States v. Rubio, 231 F.3d 709, 711 (10th Cir. 2000)).

Brown's loss-calculation argument does not fit within any of the exceptions contained in the agreement. The waiver-of-appeals provision unambiguously states that, outside of its exceptions, no other "issue may be presented by the defendant on appeal." Thus, even under our rule of strict construction, the waiver applies to this issue. See Khattak, 273 F.3d at 562.

Brown does not allege that he entered into the waiver unknowingly or involuntarily, nor does he contend that enforcing the provision would result in a miscarriage of justice. Indeed, Brown's attorney never even mentioned the plea

3

agreement in his brief. The Government raised the issue of waiver, but Brown's attorney chose not to file a reply brief. Our own review of the record indicates that the District Court conducted a thorough colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure. It determined that Brown had read the agreement, signed it, and discussed its contents with his attorney. The court reviewed the terms of the waiver-of-appeals provision, and Brown assented to them. It also explained that Brown could "get a longer sentence than [he] may expect" and "that no one c[ould] guarantee. . . what sentence" the District Court would impose. This colloquy indicates a knowing and voluntary waiver of the right to appeal. As such, we will enforce the parties' bargain and dismiss the appeal to the extent that it challenges the District Court's loss calculation.

II.

Brown also contends that the District Court's 90-month sentence constituted an unreasonable upward variance from the Guidelines range of 70 to 87 months. As the Government concedes, the waiver-of-appeals provision in the parties' plea agreement does not cover this claim. A challenge to an upward variance falls within the agreement's exception for "claims that. . . the sentencing judge unreasonably departed upward from the otherwise applicable sentencing guideline range." We therefore proceed to the merits.

We review the District Court's sentence for reasonableness. See United States v. Booker, 543 U.S. 220, 260-61 (2005). A sentencing court acts reasonably when it meaningfully considers and rationally applies the factors set forth at 18 U.S.C. § 3553(a). See United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006); United States v.

4

Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006). "The advisory guidelines range is itself one of the § 3553(a) factors, 18 U.S.C. § 3553(a)(4), and [it] play[s] an integral part in sentencing decisions." Cooper, 437 F.3d at 331. Nonetheless, "just as a sentence within that range is not presumptively reasonable, a sentence outside of it is not presumptively unreasonable." Schweitzer, 454 F.3d at 204.

In the case before us, the District Court engaged in a thorough analysis of the relevant factors. It then applied those factors in a detailed and thoughtful manner. Its decision to impose a sentence three months above the advisory Guidelines range was well-supported, logically explained, and eminently reasonable.

III.

For the foregoing reasons, we will dismiss the appeal in part, and affirm in part.