**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 01-6293 <br> D.C. No. 01-CR-4-M <br> (W. D. Oklahoma) |
| FARIBORS KHOSHRAVAN, | |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **EBEL** and **HENRY,** Circuit Judges.

Faribors Khoshravan pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 pursuant to a plea agreement in which he waived his right to appeal his conviction or sentence. Nevertheless, Mr. Khoshravan brings this appeal and challenges his sentence. We dismiss the appeal.

Mr. Khoshravan was indicted on twenty-six counts of mail fraud for submitting a number of false student loan applications from which he received

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

several substantial loan checks. He entered into a plea agreement which included terms requiring him to waive both his right to appeal and his right to collaterally challenge the sentence imposed by the district court. The district court subsequently sentenced Mr. Khoshravan to twenty-one months in prison.

Despite the terms of his plea agreement, and without moving to withdraw his guilty plea, Mr. Khoshravan asserts the district court erred in determining his sentence. The government contends we lack jurisdiction to hear Mr. Khoshravan's claims because he waived his appeal rights. "If Defendant's waiver is effective, we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to appeal. We do, however, have jurisdiction to determine our jurisdiction." *United States v. Rubio*, 231 F.3d 709, 711 (10th Cir. 2000) (internal citations omitted). Mr. Khoshravan "must show why we should not enforce the waiver provision of the plea agreement," *id.*, before we can consider addressing the merits of his appeal.

"[I]t is well established that a defendant's waiver of the statutory right to direct appeal contained in a plea agreement is enforceable if the defendant has agreed to its terms knowingly and voluntarily." *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). However, the enforceability of a plea agreement waiver is "subject to certain exceptions, including where the agreement was involuntary or unknowing." *Id.* at 1182. Moreover, "a waiver may not be

-2-

used . . . to deny review of a claim that the agreement was entered into with ineffective assistance of counsel." *Id.* (citing *United States v. Black*, 201 F.3d 1296, 1301 (10th Cir. 2000)).  Mr. Khoshravan relies on this last exception to support his appeal.

When a defendant attempts to override his waiver of appeal rights with an ineffective assistance of counsel claim, he must show the "ineffective assistance tainted the voluntariness of the plea or the waiver agreement itself." *Id.* at 1184 (citations omitted).  We thus examine whether the defendant can "establish that the waiver was not knowingly or voluntarily made, and/or [] demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver." *Id*. at 1185 (citing *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000)).

Pursuant to *Cockerham*, and under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), we are not persuaded Mr. Khoshravan has established a prima facie case that his attorney was ineffective.  At the close of Mr. Khoshravan's sentencing hearing, his attorney stated she might not have provided him with effective counsel, pointing to her inability to convince the government to allow Mr. Khoshravan to retain his appeal rights in order to raise what she considered to be an important issue regarding computation of intended loss.  However, nothing in the record indicates that counsel's failure to retain Mr. Khoshravan's appeal rights raises an ineffective assistance claim tainting the

voluntariness of Mr. Khoshravan's guilty plea or of the waiver of his right to appeal. *See Cockerham*, 237 F.3d at 1184. The plea agreement reflects that the parties were fully aware at the time of plea that the amount of intended loss was a disputed issue between the government and defendant. *See* Aple. Motion to Dismiss, Ex. B at 4 ("the parties do not agree as to the amount of the intended loss or the relevant conduct attributable to the defendant for sentencing"). While counsel was no doubt disappointed the district court did not agree with her view of the intended loss issue, the fact remains that her negotiations with the government resulted in the dismissal of twenty-five counts of the twenty-six count indictment.

Mr. Khoshravan's decision to plead guilty to one count and thereby waive his right to appeal because he could not afford to pay the special assessment fee for all the counts against him, as he asserts, does not indicate his guilty plea or waiver were somehow coerced, unknowing, or involuntary. Numerous examples in the record of the voluntary and knowing nature of his plea and waiver show otherwise. When Mr. Khoshravan pled guilty, the district court instructed him: "Tell me in your own words what . . . waiving your right to appeal [means]." *Id.* ex. C at 3. Mr. Khoshravan answered: "As far as I understand, it means that no matter what the judgment – no matter what my sentence is, I cannot appeal it unless it goes outside the guideline . . . ." *Id.* Mr. Khoshravan's signed plea

agreement also included language specifying that "defendant . . . knowingly and voluntarily waives his right to appeal or collaterally challenge" his guilty plea or sentence. *Id*., ex. B at 5. Similarly, in Mr. Khoshravan's petition to enter a plea of guilty, he marked "yes" next to the question "[a]re your plea of GUILTY and the waivers of your rights made voluntarily and completely of your own free choice, free of any force or threats or pressure from anyone?" Rec., vol. I, doc. 36 at 8. Finally, during his plea colloquy with the district court, Mr. Khoshravan indicated he was satisfied with the services of his attorney, and that she had "done all that anyone could do as counsel to assist" him in the case. Aple. Motion to Dismiss, ex. C at 4.

In light of the foregoing and the fact that Mr. Khoshravan has not moved to withdraw his guilty plea, we hold that he has not shown his attorney's alleged inability to obtain a plea without waiver of appeal rights tainted the voluntary and knowing nature of either his guilty plea or his waiver of appeal rights, both of which occurred with full knowledge of the effect of the waiver. Accordingly, we **DISMISS** the appeal for lack of jurisdiction.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-