**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JAMES CRAIG JEFFERSON, also
known as Craig Jefferson,

      Defendant - Appellant.

No. 02-6045
(D.C. No. CR-01-110-C)
(W.D. Okla.)

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DYKE CRANE, JR.,

      Defendant - Appellant.

No. 02-6047
(D.C. No. 01-CR-110-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Defendants-Appellants James Craig Jefferson and Dyke Crane, Jr. ("Defendants") appeal from their respective sentences imposed after each pled guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). The United States ("the government") filed separate motions to dismiss the appeals for lack of jurisdiction based on Defendants' plea agreements which contained identical waivers of the right to appeal their convictions and sentences. We consolidated Defendants' cases for purposes of this appeal. Our jurisdiction arises under 28 U.S.C. § 1291, and we dismiss.

Background

On June 20, 2001 a grand jury returned a 21-count indictment against Defendants and seven other individuals. Mr. Jefferson was charged in Counts 1 and 9 of the indictment, and pursuant to a plea agreement with the government pled guilty to Count 9, intentionally distributing approximately 1.1 grams of cocaine base to a confidential informant. IV R. at 6 (Jefferson). Mr. Crane was charged in Counts 1, 2, and 4, and pled guilty to Count 2, intentionally distributing approximately 2.3 grams of cocaine base. IV R. at 6 (Crane). In their plea agreements Mr. Jefferson and Mr. Crane agreed to waive the right to appeal or collaterally challenge: (1) "Defendant's guilty plea and any other aspect

of his conviction, including but not limited to any rulings on pretrial suppression motions," and (2) "Defendant's sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case." R. Vol. I R. Doc. 69 (Crane) (Plea Agreement) at 5-6, Govt.'s Motion to Dismiss for Lack of Jurisdiction Over the Merits, Ex. B at 5 (Jefferson). Both waivers permitted an appeal or collateral challenge in the event of an upward departure from the applicable guideline range, or a challenge based on subsequent "changes in the law reflected in Tenth Circuit or Supreme Court cases" deemed to have retroactive effect. Id. at 6.

On appeal Mr. Jefferson argues that in determining his adjusted base offense level under U.S.S.G. § 2D1.1(c)(3), the district court erred in relying on unreliable hearsay statements made by an unavailable co-defendant that attributed to him over 700 grams of cocaine base. He argues that by relying on these unreliable statements, the district court violated both the Sentencing Guidelines and the Due Process Clause. Aplt. Br. at 9 (Jefferson). Mr. Crane argues that his trial counsel provided ineffective assistance during sentencing by failing to object to his criminal history calculation and by failing to make specific objections to the calculation of the amount of drugs for which he was allegedly responsible. Aplt. Br. at 7 (Crane). Rather than addressing the merits of these claims, the

government filed responses to Defendants' briefs renewing the arguments contained in its initial motions to dismiss. Specifically, the government argued that the waivers of appellate rights were knowing and voluntary, and thus enforceable, and that none of the express exceptions to the exercise of such rights are applicable. Government's Response to Defendant's Opening Brief at 3 (Jefferson), Government's Response to Defendant's Opening Brief at 3 (Crane).

As to the government's jurisdictional argument, Defendants advance different claims as to why they should be permitted to pursue their appeals notwithstanding the waivers. Mr. Jefferson argues that because this circuit has held that such waivers will not preclude review of sentences that exceed the statutory maximum or a claim that the waiver was entered into without effective assistance of counsel, neither should such a waiver preclude review of a claim that a sentence violates the Confrontation Clause of the Sixth Amendment or the Due Process Clause of the Fifth Amendment. Defendant-Appellant's Response to Appellee's Motion to Dismiss for Lack of Jurisdiction Over the Merits at 4 (hereinafter "Jefferson's Response"). Mr. Crane argues that because the district court at his change-of-plea hearing failed to affirmatively indicate that he was foreclosed from pursuing an appeal of his sentence, Mr. Crane may "at a minimum . . . prosecute this appeal based upon any sentencing error." Appellant Dyke Crane's Response to Motion to Dismiss at 2 (hereinafter "Crane's

- 4 -

Response"). Second, Mr. Crane argues that the waiver contained in the plea agreement is unenforceable because it is "unconstitutionally broad," and that it should not be enforced because he will raise issues of a "constitutional nature" on appeal. Id. at 2-3.

## Discussion

We have held that if a waiver of appellate rights is effective, "we would certainly overreach our jurisdiction to entertain [an] appeal when the plea agreement deprived [the] [d]efendant of the right to appeal." United States v. Rubio, 231 F.3d 709, 710 (10th Cir. 2000). Nonetheless, we have jurisdiction to determine our jurisdiction. United States v. Garcia, 919 F.2d 1478, 1480 (10th Cir. 1990). Regarding such waivers, we have held that "it is well established that a defendant's waiver of the statutory right to direct appeal contained in a plea agreement is enforceable if the defendant has agreed to its terms knowingly and voluntarily." United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001). However, such waivers are subject to certain public policy exceptions permitting an appeal where (1) a district court has "relied on an impermissible factor such as race," (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid," (3) the sentence exceeds the statutory maximum, or (4) the waiver is "otherwise unlawful." United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001).

- 5 -

1.      Mr. Jefferson

Mr. Jefferson does not argue that the waiver of his right to appeal was unknowing or involuntary.  Likewise, he has not alleged racial bias or ineffective assistance in connection with his decision to waive his rights, and the district court did not sentence him beyond the statutory maximum.  Moreover, neither of the additional exceptions set forth in the waiver itself are implicated here.  Mr. Jefferson argues only that the waiver should not be enforced because the sentencing errors of which he complains allegedly violate the Sentencing Guidelines and infringe upon his constitutional rights.  We disagree.

The fact that Mr. Jefferson has alleged that the district court erred in its application of the Sentencing Guidelines does not entitle him to raise the issue on appeal.  This court has never recognized an exception permitting review notwithstanding a valid waiver merely because the defendant has alleged that the district court has erred in sentencing the defendant.  In fact, this court has specifically held that where a waiver is knowing and voluntary, it is effective to preclude review of such a claim.  See, e.g., United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1998) (dismissing the defendant's appeal based on a waiver of his appellate rights where the defendant sought to appeal the district court's rulings on his objections to his base offense level calculation under the Sentencing Guidelines).  We therefore reject this argument.

Mr. Jefferson also claims that because he has alleged that the district court's reliance on various hearsay statements violated his right to due process, the waiver should not preclude review of that claim. However, our prior cases discussing the enforceability of such waivers make clear that the fact that a defendant's claim on appeal is constitutional in nature does not place it beyond the reach of a knowing and voluntary waiver.

In United States v. Cockerham, we held that a waiver of the right to bring a federal habeas action is enforceable where it is expressly stated in the plea agreement and both the plea and the waiver "were knowingly and voluntarily made." 237 F.3d at 1183. Applying this rule we held that the defendant waived his right to challenge his sentence, despite the fact that his petition claimed that his attorney provided ineffective assistance of counsel in violation of the Sixth Amendment. Id. at 1181, 1191. We did acknowledge that an ineffective assistance claim could be pursued where it is alleged that the ineffective assistance tainted the waiver itself, id. at 1182, and in fact held that one of the defendant's ineffective assistance claims could be pursued on that basis. Id. at 1190-91. However, no such claim is raised by Mr. Jefferson here. Because the constitutional claims in Cockerham that did not relate to the validity of the defendant's plea did not survive the waiver, and because we see no reason for treating differently Mr. Jefferson's allegation that the district court violated his

right to due process, we hold that he is not entitled to raise this claim on appeal.

2. Mr. Crane

During his change-of-plea hearing, the following colloquy took place between the district court and Mr. Crane:

> THE COURT: And you are agreeing to waive or give up your right to appeal. That is a very important right that I want to make sure you understand you're giving up. You are waiving your right to appeal or collaterally challenge, that is, challenge by way of habeas corpus petition, this conviction any time in the future . . . . If I should make an error in a ruling of law, you're giving up your right to take that error to a higher court for correction. Do you understand that?
>
> THE DEFENDANT: Yes, I do, ma'am.

III R. at 11-12 (Crane). Mr. Crane argues that because the district court referenced only the fact that he could not appeal "this conviction," any waiver of his right to appeal his sentence was unknowing and thus unenforceable. Crane's Response at 1-2. This argument is without merit.

We have held that "if the record as a whole establishes that the defendant's waiver of appellate review was knowing and voluntary, there is no requirement that the district court itself specifically address the waiver provision in a colloquy with the defendant." United States v. Black, 201 F.3d 1296, 1301-02 (10th Cir. 2000). In the current action, the district court did reference the waiver, referring to it generally as a waiver of his "right to appeal," and it specifically inquired as to whether he understood that he was waiving his right to have a court of appeal

correct any "error in a ruling of law." III R. at 11-12 (Crane). Although Fed. R. Crim. P. 11(c)(6) requires that the district court "inform the defendant of, and determine that the defendant understands . . . the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence," not every variance from the mandates of Rule 11 will compel a holding that a waiver is unenforceable. Indeed, Fed. R. Crim. P. 11(h) provides that "[a]ny variance from the procedures required by [Rule 11] which does not affect substantial rights shall be disregarded." Consequently, even if we were to hold that the district court erred by failing to specifically mention the effect of the waiver on Mr. Crane's ability to appeal his *sentence*, we believe such an error would be harmless because the record reveals that Mr. Crane's waiver was both knowing and voluntary.

The plea agreement itself stated that Mr. Crane "knowingly and voluntarily waives his right to appeal or collaterally challenge . . . [his] sentence as imposed by the Court and the manner in which the sentence is determined." I R. Doc. 69 (Crane) (Plea Agreement) at 5-6. Moreover, nothing in the record even remotely suggests that Mr. Crane was unaware of the scope and effect of the waiver. We therefore hold that the mere fact that district court failed to specifically indicate that Mr. Crane was waiving the right to appeal his sentence did not render his waiver unknowing and thus unenforceable.

We also reject Mr. Crane's argument that the language of the waiver in his plea agreement is unconstitutionally broad and thus unenforceable. Specifically, Mr. Crane argues that the waiver is unenforceable because it did not expressly allow for an appeal on the public policy grounds recognized as exceptions to a valid waiver, such as where counsel's ineffective assistance affects the validity of the waiver or where the district court has relied on an impermissible factor such as race. Crane's Response at 2-3.

Although Mr. Crane's plea agreement did not mention these grounds in enumerating the circumstances under which an appeal could be brought, we fail to see how such renders his waiver unconstitutional. Significantly, Mr. Crane does not cite a single case supporting the assertion that a waiver's failure to enumerate these grounds for appeal renders it unconstitutional or otherwise unenforceable. Moreover, the clear import of our cases acknowledging the existence of these exceptions is that any claim falling within their scope will be entertained notwithstanding the absence of an express provision permitting the appeal. Should a case arise in which one of these exceptions is applicable, this court would be free to review any covered claims. Under such circumstances we cannot say that a waiver that fails to announce every potentially applicable public policy exception somehow runs afoul of the Constitution.

Finally, Mr. Crane argues that the waiver should not be enforced because

"the issues he will raise on appeal will be of a constitutional nature." Crane's Response at 3. As discussed above, however, an allegation that a district court's error has allegedly infringed some constitutional right not already covered by the exceptions discussed above is insufficient to overcome a knowing and voluntary waiver of the right to appeal. Moreover, it is of no consequence that Mr. Crane claims that his right to effective assistance of counsel has been violated. As we have repeatedly held, claims of ineffective assistance of counsel "should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Moreover, because Mr. Crane does not allege that his counsel provided ineffective assistance in connection with the negotiation of the plea agreement or the waiver, the public policy exception permitting review of this narrow class of ineffective assistance claims would not apply.

Appeals DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge