**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES CRAIG JEFFERSON, also
known as Craig Jefferson,

Defendant-Appellant.

No. 05-6067
(Western District of Oklahoma)
(D.C. No. CIV-04-895-C)

**ORDER**

Before **BRISCOE**, **LUCERO** and **MURPHY**, Circuit Judges.

Petitioner, James Craig Jefferson, seeks a certificate of appealability

("COA") so he can appeal the district court's denial of the motion to vacate, set

aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing that a movant may not appeal the denial of a § 2255

motion unless the movant first obtains a COA). Pursuant to the terms of a plea

agreement, Jefferson pleaded guilty to one count of distribution of cocaine base,

in violation of 21 U.S.C. § 841(a)(1). Jefferson was sentenced to two hundred

and thirty-five months' incarceration and three years' supervised release.

Although Jefferson waived his right to appeal or collaterally challenge his conviction and sentence as part of his plea agreement, he filed the instant § 2255 motion on July 19, 2004.[1]  In the motion, Jefferson raised two issues: (1) his attorney provided constitutionally ineffective assistance, and (2) his sentence was improper under *Blakely v. Washington*, 542 U.S. 295 (2004).  The district court concluded that the waiver in Jefferson's plea agreement was enforceable as to his ineffective assistance claims.  *See United States v. Cockerham*, 237 F.3d 1179, ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.  Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable.").  The court also concluded that Jefferson's *Blakely/Booker* claim was not raised on direct appeal and, therefore, could not be raised for the first time in his § 2255 because *Booker* does not apply retroactively to initial habeas petitions.  *United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005).

In his application for a COA and appellate brief, Jefferson asserts the district court erred when it dismissed his claim that counsel provided ineffective

_____

[1]Jefferson also filed a direct appeal.  This court enforced the waiver and dismissed the appeal.  *United States v. Jefferson*, 63 Fed. App'x 439 (10th Cir. 2003).

assistance during negotiation of the plea agreement. Jefferson argues that counsel's ineffective assistance rendered his plea unknowing and involuntary and, consequently, the waiver is not enforceable. We agree with the district court, however, that the waiver is enforceable because the record belies Jefferson's assertion that his counsel "duped" him into pleading guilty. Jefferson argues that his attorney failed to inform him that his sentence could be based on a quantity of cocaine in excess of the 1.1 grams charged in the count to which he pleaded guilty. The plea agreement, however, specifically states that Jefferson faced a maximum penalty of 240 months' imprisonment and contains a provision which reads, "The government takes the position that for purposes of sentencing guidelines computation, the defendant is accountable for not less than 500 grams and no more than 1500 grams of cocaine base (crack), including relevant conduct (USSG § 2D1.1)." Jefferson not only signed the plea agreement, but he represented that he had discussed its terms with his attorney and understood them. In addition, during the plea colloquy the following exchange occurred between Jefferson and the court:

> The Court: Further, while this plea is being entered pursuant to a plea agreement, which I presume will agree–the government will agree to dismiss certain counts against you, *those counts or any illegal conduct reasonably related to this offense of conviction can still be used against you to determine your sentence*. Do you understand that?

Jefferson:    Yes, I do.

(emphasis added). The record clearly establishes that Jefferson's ineffective assistance claim lacks merit and that his guilty plea was entered knowingly and voluntarily. Accordingly, the waiver contained in the plea is valid and enforceable. *See Cockerham*, 237 F.3d at 1185.

To be entitled to a COA, Jefferson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 322 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Jefferson has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Jefferson need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Jefferson's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court

-4-

concludes that Jefferson is not entitled to a COA. The district court's resolution of Jefferson's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Jefferson's request for a COA and **dismisses** this appeal. Jefferson's motion to proceed *in forma pauperis* on appeal is **granted**.

Entered for the Court
CLERK, COURT OF APPEALS


By
      Deputy Clerk