**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DYKE CRANE, JR.,

      Defendant - Appellant.

No. 05-6123
(D.C. Nos. 04-CV-896-C;
01-CR-110-C)
(W.D. Okla.)

**ORDER**

Before **EBEL**, **HENRY** and **McKAY**, Circuit Judges.

Defendant-Appellant Dyke Crane, Jr. asks this court to grant (1) his motion for a certificate of appealability to challenge the district court's dismissal of his habeas corpus petition and (2) his motion to proceed *in forma pauperis*. For the reasons set forth below, we DENY both motions and DISMISS the appeal.

**BACKGROUND**

Crane pleaded guilty to distribution of cocaine and, in January 2002, was sentenced to 140 months imprisonment. He appealed his conviction to this court, arguing that his counsel provided ineffective assistance during sentencing. See United States v. Jefferson, 63 F. App'x 439, 441 (10th Cir. 2003) (unpublished).

We dismissed that appeal for lack of jurisdiction because Crane had waived his appellate rights in his plea agreement.  See id.

Crane then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the same ineffective assistance argument. The district court denied the motion, again on the grounds that Crane's plea agreement waived his right to appeal or collaterally challenge his sentence.  The district court then denied Crane's request for a certificate of appealability ("COA") and his motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Before us are Crane's renewed motions for a COA and to proceed *in forma pauperis*.

**DISCUSSION**

Where, as here, "the district court denies a habeas petition on procedural grounds . . . , a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (emphasis added).  The district court provided a well-reasoned ruling that Crane had waived, by plea agreement, his

right to appeal or collaterally challenge his sentence. As this procedural ruling was correct, we must deny Crane's motion for a COA.[1]

We have held that a defendant's waiver of his appellate rights is binding so long as (1) the scope of the waiver covers the present appeal, (2) the waiver was knowing and voluntary, and (3) enforcement of the waiver would not result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). The scope of Crane's waiver was broad, allowing for appellate or collateral review only "in the event of an upward departure from the applicable guideline range, or a challenge based on subsequent changes in the law reflected in Tenth Circuit or Supreme Court cases deemed to have retroactive effect." Jefferson, 63 F. App'x at 441 (quotations omitted). We do not find either of these conditions present.[2] Nor does Crane offer any argument that the challenges raised in his § 2255 motion fall outside the scope of his waiver.

---

[1]We do not reach Crane's argument that the district court erred in denying his § 2255 motion by ruling, in the alternative, that a prior (dismissed) conviction was properly used to calculate his criminal history.

[2]The district court determined that the applicable guideline range was 210-262 months; Crane's 140 month sentence was due to his "substantial assistance" to the government. Moreover, as the district court noted in denying Crane's motion for a COA, Crane's conviction was final before the Supreme Court issued its Booker decision. We have specifically held that Booker does not apply retroactively to cases on collateral review. See United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005).

Additionally, Crane nowhere argues that his waiver was unknowing or involuntary. Indeed, in disposing of Crane's initial appeal to this court, we specifically found that "the record reveals that Mr. Crane's waiver was both knowing and voluntary." Jefferson, 63 F. App'x at 444.

Finally, though Crane based his § 2255 motion on ineffective assistance of counsel, we have held that only "ineffective assistance of counsel in connection with the negotiation of the waiver" results in a miscarriage of justice. Hahn, 359 F.3d at 1327 (emphasis added). "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). Crane makes no argument that his counsel's alleged ineffective assistance affected the voluntariness of his plea, nor does the record support such an argument. In the face of a valid waiver of the right to collaterally challenge his sentence, the district court was undebatably correct in denying Crane's § 2255 motion. We therefore DENY his request for a COA.[3]

---

[3]We have held in the context of direct appellate review that we are precluded from dismissing an appeal on the grounds of a waiver of appellate rights unless the government affirmatively argues that the defendant has waived those rights in a plea agreement. See United States v. Calderon, 428 F.3d 928, 930-31 (10th Cir. 2005). We have explained that "the government might conclude that justice would be better served by allowing a criminal defendant to appeal a wrongful sentence, even when the plea agreement included an appeal waiver." Id. at 931.

(continued...)

Crane also renews his motion to proceed *in forma pauperis*.  We grant such a motion only where a defendant shows both "a financial inability to pay the required fees <u>and</u> the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  <u>McIntosh v. U.S. Parole Comm'n</u>, 115 F.3d 809, 812 (10th Cir. 1997) (emphasis added).  Further, we find Crane's appeal to be frivolous when he has previously been informed—including once by this court—that he waived his right to appeal or collaterally challenge his sentence.  Thus his motion to proceed *in forma pauperis* must be DENIED.  This appeal shall be considered a strike.  We DISMISS the appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[3](...continued)
Assuming the government must affirmatively choose to enforce a waiver of appellate rights on collateral as well as direct review, it is not clear from the record that the government raised waiver of appellate rights in response to Crane's § 2255 motion.  However, a COA will only issue "when the <u>prisoner</u> shows, at least, . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484 (emphasis added).  Thus when, as here, the district court has denied a § 2255 petition on the procedural ground of waiver of appellate rights and the defendant seeks a COA, he bears the burden to show that the ruling was incorrect because the government failed to raise the waiver argument in response to the petition. Crane makes no such claim here.