**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 8, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

EDUARDO MOCTEZUMA-SALINAS,

        Defendant-Appellant.

No. 06-4166

D. Utah

(D.C. No. 2:06-CV-424-TC)

**ORDER**

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Petitioner, Eduardo Moctezuma-Salinas, seeks a certificate of appealability
("COA") so he can appeal the district court's denial of the motion to vacate, set
aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.
§ 2253(c)(1)(B) (providing that a movant may not appeal the denial of a § 2255
motion unless the movant first obtains a COA). Pursuant to the terms of a plea
agreement, Moctezuma-Salinas pleaded guilty to one count of distribution of
cocaine base, in violation of 21 U.S.C. § 841(a)(1). Moctezuma-Salinas was
sentenced to eighty-seven months' incarceration and three years' supervised
release. The plea agreement contained the following provision relating to
Moctezuma-Salinas' right to file a collateral challenge: "I also knowingly,
voluntarily and expressly waive my right to challenge my sentence, and the

manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."

Moctezuma-Salinas filed the instant § 2255 motion on May 25, 2006.[1]  In the motion, Moctezuma-Salinas asserted his sentence was imposed in violation of the Sixth Amendment because his attorney provided constitutionally ineffective assistance in the negotiation of the plea agreement.  Specifically, Moctezuma-Salinas argued his counsel should have negotiated a more favorable plea agreement that (1) did not contain a waiver of the right to challenge his sentence in a direct appeal and (2) capped the maximum sentence he could receive at twenty-four months.  Moctezuma-Salinas sought to be resentenced to a term of twenty-four months' incarceration or, alternatively, relief from the waiver of his right to file a direct appeal.  Moctezuma-Salinas further requested "that his plea and plea agreement *not* be vacated or modified in any other way."

The district court characterized Moctezuma-Salinas' § 2255 motion as an attack on his sentence.  The court concluded the waiver in Moctezuma-Salinas' plea agreement was valid and enforceable as to the claims raised in the motion because Moctezuma-Salinas was not challenging the validity of the plea

---

[1]Moctezuma-Salinas also filed a direct appeal.  This court enforced a waiver of Moctezuma-Salinas' right to bring a direct appeal challenging his sentence and dismissed the appeal. *United States v. Moctezuma-Salinas*, 63 Fed. App'x 439 (10th Cir. 2003).

agreement. He was, instead, claiming his counsel failed to negotiate a better plea agreement. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable.").

To be entitled to a COA, Moctezuma-Salinas must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 322 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Moctezuma-Salinas has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Moctezuma-Salinas need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Moctezuma-Salinas' application for a COA and appellate filings, the district court's order, and the entire record on appeal

pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Moctezuma-Salinas is not entitled to a COA. The district court's resolution of Moctezuma-Salinas' § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Moctezuma-Salinas' request for a COA and **dismisses** this appeal. Moctezuma-Salinas' motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT
Elisabeth A. Shumaker, Clerk


By:
     Deputy Clerk